IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYSINGER MOTOR COMPANY, INC.,
d/b/a Tysinger Dodge,

         Plaintiff,

   v.           Civil Action Number 3:10CV554

CHRYSLER GROUP, LLC,

         Defendant.

## ORDER

  A Complaint / Motion to Vacate Arbitration Award Pursuant to 9 U.S.C. § 10 was filed on August 5, 2010 ("Complaint"). The moving party, or plaintiff, is described as "Tysinger Motor Company, Inc. ("Tysinger"), [which] conducts business in Hampton, Virginia from its primary office located at 2712 Magruder Boulevard, Hampton, Virginia 23666." ¶ 1. The adverse party, or defendant, is described as follows: "Adverse party, Chrysler Group, LLC ("Chrysler"), is a Delaware limited liability company, conducts business throughout the country, and is headquartered at 1000 Chrysler Drive, Auburn Hills, Missouri 48326." ¶ 2.

  First, with regard to subject matter jurisdiction, the Complaint alleges jurisdiction based on both a federal question pursuant to 28 U.S.C. § 1331 and diversity pursuant to 28 U.S.C. § 1332. However, since defendant Chrysler is a limited liability company ("LLC"), the allegations of jurisdiction based on diversity are insufficient since they do not set forth the citizenship of its members. "Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must

set forth with specificity the citizenship of the parties." *Id.* A district court's "diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members.'" *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (*en banc*) (citation omitted). While it appears that there may be subject matter jurisdiction based on a federal question rendering moot the issue of jurisdiction based on diversity, the parties are DIRECTED to address the basis of the Court's jurisdiction – both diversity and federal question – in pleading form no later than August 23, 2010.

In the Complaint, Tysinger moves the Court (1) to vacate the arbitration award at issue and order a new arbitration before a neutral arbitrator, and (2) to stay enforcement of the arbitration award pending the outcome of this proceeding. Tysinger states that a stay pending the full adjudication of this matter is warranted under 9 U.S.C. § 12. On August 18, 2010, Tysinger filed a memorandum in further support of its motion to stay. Given the facts alleged by Tysinger and the potential risk of harm to Tysinger, unless Chrysler will consent to a stay of the enforcement of the arbitration award pending the outcome of this proceeding, the Court DIRECTS Chrysler to respond to the motion to stay no later than August 23, 2010.

It is so ORDERED.

Let the Clerk SEND a copy of this Order to all counsel of record.

August 19, 2010                      /s/
DATE                                 RICHARD L. WILLIAMS
                                        SENIOR UNITED STATES DISTRICT JUDGE