**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| Tysinger Motor Company, Inc. d/b/a Tysinger Dodge<br><br>     Plaintiff,<br><br>v.<br><br>Chrysler Group, LLC,<br><br>     Defendant. | Civil Action No. 3:10-cv-554-RLW |

## CHRYSLER GROUP LLC'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Chrysler Group LLC ("Chrysler") hereby moves to dismiss Plaintiff Tysinger Motor Company, Inc.'s ("Tysinger") Motion to Vacate Arbitration Award Pursuant to 9 U.S.C. § 10 (the "Motion").[1]

As grounds for this motion, and as set forth in more detail in its accompanying memorandum of law, Chrysler states as follows:

1.  Tysinger's Motion seeks to undo an arbitration decision denying its request to be added to Chrysler's network of automobile dealerships on the basis of an alleged relationship between the arbitrator and a third party having no relationship to the arbitration whatsoever.

---

[1]  Although Tysinger styled its papers as a "Motion to Vacate," its motion was docketed as though it was a complaint and upon return of summons, this Court's docket indicated that an "answer" was due from Chrysler. Dkt. 14. Tysinger did not file a complaint. It filed a motion to vacate pursuant to the Federal Arbitration Act, which should be dismissed for the reasons explained below. Indeed, even if Tysinger intended to file a complaint pursuant to the FAA, it could not have because the FAA "does not permit a party to initiate a challenge to an arbitration award by filing a complaint." *ANR Coal Co., Inc. v. Cogentrix N.C., Inc.*, 173 F.3d 493, 496 n.1 (4th Cir. 1999) (internal quotations omitted); *see also* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."). Therefore, the docket should be corrected to reflect that Tysinger has filed a motion to vacate under the FAA. Chrysler submits this motion subject to and without waiving its position that no such "answer," beyond Chrysler's Opposition to the Motion (filed August 20, 2010 (Dkt. 16)) is required.

Tysinger seeks this extraordinary relief despite the fact that the American Arbitration Association (the concededly neutral body explicitly charged by Congress with administering arbitrator selection and appointment in this arbitration) twice determined, based on these same allegations, that the selected and appointed arbitrator was impartial.

2.      Tysinger's Motion is premised on fundamental errors of law and does not state a claim for relief.  In particular:

- Section 747 of H.R. 3288, the Consolidated Appropriations Act of 2010 Pub. L. No. 111117, 123 Stat. 3034, 3186-88 ("Section 747"), the statute under which Tysinger brought the arbitration, does not provide a mechanism for this Court to grant *vacatur* of an arbitration award.

- The statute on which Tysinger relies for relief—the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA")—applies only to voluntary, contractual arbitrations, not ex-post statutorily-mandated arbitrations like the one brought by Tysinger against Chrysler under Section 747.  9 U.S.C. §§ 2, 4; *Glass v. Kidder Peabody & Co., Inc.*, 114 F.3d 446, 451 (4th Cir. 1997) ("Arbitration under the Act is a matter of private contract").

- Even assuming the FAA applies (which it does not), Tysinger has fallen far short of even pleading the evident partiality on the part of the arbitrator necessary to overcome both the arbitrator's statement that he could decide the case impartially and the American Arbitration Association's determination and re-confirmation that the arbitrator was impartial.  The FAA imposes a "heavy" and "onerous" burden on parties seeking to vacate an arbitration award, and Tysinger has failed to satisfy its burden of pleading "facts that objectively demonstrate such a degree

of partiality that a reasonable person could assume that the arbitrator had improper motives.  *See ANR Coal Co. v. Cogentrix N.C., Inc.*, 173 F.3d 493, 501 (4th Cir. 1999).

In further support of its Motion, Chrysler submits the accompanying memorandum of law, filed herewith.

WHEREFORE, Chrysler respectfully moves that the Court:

(1)     Dismiss the Motion in its entirety, with prejudice; and

(2)     Order such further relief as is just and proper.

Respectfully submitted,

Dated:  August 30, 2010                    CHRYSLER GROUP LLC

By its attorneys,

/s/ _____
Bradford Hardin (Va. Bar No. 76812)*
Kevin C. Heffel (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR
LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel:  (202) 663-6000
Fax:  (202) 663-6363
Bradford.hardin@wilmerhale.com
Kevin.heffel@wilmerhale.com
*Admitted in Virginia only.  Supervised by members of
the District of Columbia bar.

Robert D. Cultice (*pro hac vice*)
Richard A. Johnston (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR
LLP
60 State Street
Boston, Massachusetts 02109
Tel:  (617) 526-6021
Fax:  (617) 526-5000
Richard.johnston@wilmerhale.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

Christine A. Williams
Wyatt B. Durrette, Jr.
DurretteBradshaw PLC
600 E Main St
20th Floor
Richmond, VA 23219
(804) 775-6900
cwilliams@durrettebradshaw.com
wdurrette@durrettebradshaw.com

Kevin Jermone Funk
Cantor Arkema PC
1111 E Main St
PO Box 561
Richmond, VA 23218-0561
(804) 644-1400
kfunk@durrettebradshaw.com

/s/_____
Bradford Hardin (Va. Bar No. 76812)*
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel:  (202) 663-6000
Fax:  (202) 663-6363
Bradford.hardin@wilmerhale.com
*Admitted in Virginia only.  Supervised by
members of the District of Columbia bar.