IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TYSINGER MOTOR COMPANY, INC., d/b/a
Tysinger Dodge,

                               Plaintiff,

                  v.                            Civil Action Number 3:10cv554

CHRYSLER GROUP, LLC,

                               Defendant.

## **MEMORANDUM ORDER**

This matter is before the Court on the Plaintiff's motion to stay enforcement of an arbitration award (Docket No. 9). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. Preliminarily, the Court notes that, following the Court's Order of August 19, 2010 and the parties' responses addressing subject matter jurisdiction, the Court is satisfied that it has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331. The Plaintiff, Tysinger Motor Company, Inc., d/b/a Tysinger Dodge ("the Plaintiff"), is an automotive dealership in Hampton, Virginia that, until 2009, sold Dodge brand vehicles pursuant to a sales and service franchise agreement with Chrysler, LLC ("Old Chrysler").[1] In connection with Old

---

[1] The Court notes for the sake of clarity that the Plaintiff identifies the entity referred to herein as "Old Chrysler" as the "Chrysler Corporation," not "Chrysler, LLC," as so identified by the Defendant. This discrepancy is, however, insignificant, as both parties have, at various times, referred to the same entity in abbreviated form as "Old Chrysler," and there is no question as to which entity the parties refer.

Chrysler's much publicized bankruptcy, the Plaintiff was one of approximately 800 dealers whose franchise agreement was rejected by Old Chrysler's successor entity, Defendant Chrysler Group, LLC ("New Chrysler" or "the Defendant"). Congress, as part of the Consolidated Appropriations Act of 2010, created a singular remedy for rejected dealerships in Public Law 111-117 § 747 ("section 747" or "§ 747"). The remedy allows former franchisees to seek review of their rejection before an American Arbitration Association ("AAA") arbitrator in binding arbitration. Pursuant to § 747, the selected AAA arbitrator determines, considering seven enumerated factors, whether the rejected dealer should be added to the relevant manufacturer's dealership network. In the instant motion, the Plaintiff requests that the Court stay, pending the outcome of this proceeding, the arbitration ruling of Roderick Mathews ("Mathews"), an AAA arbitrator, in which Mathews found that the Plaintiff was not entitled to be added to New Chrysler's dealership network.

The Plaintiff asserts that its requested stay "is warranted under 9 U.S.C. § 12" and characterizes the nature of its request as "seeking temporary relief to maintain the *status quo* pending litigation." Pl.'s Mem. in Supp. of Mot. to Stay at 1, 7 (emphasis in original). With respect to the former assertion, 9 U.S.C. § 12 is a provision of the Federal Arbitration Act ("FAA") – an act that only "governs contracts involving interstate commerce." *Hudson v. ConAgra Poultry Co.*, 484 F.3d 496, 499 (8th Cir. 2007) (citing *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273, 281 (1995)). In other words, the FAA applies only to consensual arbitrations undertaken by written agreement. *See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) ("Arbitration under the [FAA] i[s] a matter of consent, not coercion."). In the case at bar, the arbitration between the Plaintiff and the Defendant took place pursuant to § 747, a federal law separate and distinct from the FAA that provided the Plaintiff with an opportunity to compel the

2

Defendant to participate in binding arbitration. Section 747 makes no mention of the FAA. The parties did not enter into any agreement, and the arbitration was not a matter of consent. Effectively, through the Congressional vehicle of § 747, the Plaintiff coerced the Defendant to participate in the arbitration, and such arbitration is not guided or controlled by the FAA. Accordingly, a stay is not available to the Plaintiff under 9 U.S.C. § 12, as that provision has no relevance to the case at bar.[2]

With respect to the latter assertion that the Plaintiff is seeking temporary relief to maintain the status quo, the Court is confounded. The Court, of course, recognizes that "[a] stay 'simply suspend[s] judicial alteration of the status quo.'" *Nken v. Holder*, __ U.S. __, 129 S.Ct. 1749, 1758 (2009) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986)). Here, the Plaintiff seeks to maintain the status quo – and yet, the arbitration ruling itself maintained the status quo. Following Old Chrysler's bankruptcy, New Chrysler decided not to include the Plaintiff's franchise in New Chrysler's dealership network. Section 747 allowed the Plaintiff to compel New Chrysler to participate in binding arbitration wherein an arbitrator would determine if the Plaintiff should be added to New Chrysler's dealership network, notwithstanding New Chrysler's original decision not to include the Plaintiff. Mathews found that the Plaintiff had failed to carry its burden required under § 747 to add the Plaintiff's rejected franchise to New Chrysler's dealership network. Thus, both before and after the arbitration, the Plaintiff was not included among New Chrysler's dealership network. In other words, the pre-arbitration status quo remained unchanged

---

[2]The Court notes that no other legal or equitable principles operate to authorize a stay in the instant case. Even if, as the Plaintiff appears to suggest, a preliminary injunction analysis were to apply to the instant motion, the Court would find that the Plaintiff has not demonstrated a likelihood of success on the merits given that its Complaint seeks to vacate the underlying arbitration award pursuant to provisions of the FAA, a statute the Court has already found does not control the instant controversy.

post-arbitration. Therefore, a stay of the arbitration decision would be without effect – the Plaintiff would not be included in New Chrysler's dealership network if granted a stay, just as is the case without a stay. Thus, even if the Plaintiff had a legal avenue through which it could seek a stay, the request would be moot and without merit.

     Accordingly, the Court DENIES the Plaintiff's motion to stay (Docket No. 9).

     It is so ORDERED.

     Let the Clerk send a copy of this Memorandum Order to all counsel of record.


<u>September 1, 2010</u>                      <u>         /s/         </u>
DATE                              RICHARD L. WILLIAMS
                                  SENIOR UNITED STATES DISTRICT JUDGE